FERDINAND BEHNKE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 23, 1906.*

CRIMINAL LAW—*when an indeterminate sentence is proper.* An indeterminate sentence for the crime of rape is proper where the crime was committed and the conviction had while the amendment of 1899 to the Parole law was in force, which applied the parole system to all crimes except treason and murder, and before the amendment of 1901 took effect, which exempted the additional crimes of kidnaping and rape from the parole system.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

WILLIAM PETTIS, for plaintiff in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was indicted at the April term, 1901, of the criminal court of Cook county for the crime of rape. The indictment contained three counts, and each of them charged that the crime was committed March 26, 1901. He was tried at the April term of said court, was found guilty by the jury and sentenced to the penitentiary in Joliet, where he has been confined since May, 1901. After the verdict was returned plaintiff in error moved for a new trial, also in arrest of judgment, both of which motions were overruled by the court. The only assignments of error necessary to be mentioned question the sufficiency of the indictment and the validity of the verdict of the jury and the judgment of the court thereon. There is no bill of exceptions in the record, and no question is raised as to the sufficiency of the evidence.

The objections made to the indictment are of a technical character, and, in our opinion, without merit.

The jury, by their verdict, found the defendant "guilty of rape in manner and form as charged in the indictment," but did not fix the punishment, and the court sentenced him to an indeterminate term in the penitentiary. Under the act of 1895, providing for a system of parole, persons over the age of twenty-one years convicted of any crime, except treason or murder, were required to be sentenced to the penitentiary, but the limit or duration of the sentence could not be fixed by the court further than that it should not exceed the maximum term provided by law for the crime for which the person was convicted and sentenced. Prior to the passage of the act of 1895, providing for indeterminate sentences, in cases punishable by imprisonment in the penitentiary, it was the duty of the jury to fix the time of such imprisonment.

After the passage of said act, in all cases to which it applied, the jury could only find the defendant guilty and the court could not fix the time of the imprisonment of defendant, but could only sentence him for a term that should not exceed the maximum or be less than the minimum term provided by the Criminal Code for the crime for which the defendant was convicted. In 1897 the act of 1895, providing for a parole system, was amended by exempting manslaughter and rape from the operation of said parole system. In 1899 said act was again amended by striking out the crimes of manslaughter and rape from the crimes that had been exempted from the operation of the act of 1895, so that under the law of 1899 the parole system applied to all crimes except treason and murder, and said law so remained until amended by the act approved May 10, 1901, in force July 1, 1901. By said amendment of 1901 the crimes of rape and kidnaping were included with offenses exempted from the operation of the law providing for a parole system. The plaintiff in error was indicted in April, 1901. Each count of the indictment charged the crime was committed in March, 1901. He was tried, convicted and sentenced in May, 1901.

It will thus be seen that the law of 1899, concerning the parole system, was the one applicable to his case. That law excepted only treason and murder from its operations. As to all other crimes punishable by imprisonment in the penitentiary neither court nor jury could fix the time of imprisonment, but the sentence was required to be for a term of imprisonment not less than one year nor to exceed the maximum term provided by law for the crime of which the prisoner was convicted. There was therefore no error in giving plaintiff in error an indeterminate sentence in the penitentiary, and the judgment of the criminal court is affirmed.

*Judgment affirmed.*